**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**SEDRICK JONES**                                                           **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO.:** 3:22-cv-94-CWR-FKB

**LACLEDE CHAIN MANUFACTURING COMPANY, LLC**            **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

      **COMES NOW** Plaintiff, Sedrick Jones, by and through his counsel, Watson & Norris, PLLC, brings this action against Laclede Chain Manufacturing Company, LLC, to recover damages for violations of his rights under the Family Medical Leave Act of 1993, as amended. As more specifically set forth below, Plaintiff has been subjected to FMLA interference and retaliation in the terms and conditions of his employment with the Defendant. In support of this cause, Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

      1.    Plaintiff, Sedrick Jones, is an adult resident citizen of Warren County, Mississippi. Plaintiff worked 1,250 hours in the twelve months preceding his request for FMLA leave, and thus is an eligible employee as currently defined by the FMLA.

      2.    Defendant, Laclede Chain Manufacturing Company, LLC, is a Delaware Limited Liability Corporation licensed to do business in the state of Mississippi that may be served with process through its registered agent: C. T. Corporation System, 645 Lakeland Drive, Suite 101, Flowood, Mississippi 39232. Defendant employs 50 or more employees within a 75-mile radius of the location where Plaintiff was employed with Defendant.

## **JURISDICTION AND VENUE**

3. This action arises under the Family and Medical Leave Act of 1993, as amended.

4. This Court has federal question jurisdiction for actions that arise under the FMLA.

5. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

## **STATEMENT OF FACTS**

6. Plaintiff is a 43-year-old male resident of Warren County, Mississippi.

7. Plaintiff was hired on August 4, 2017, to work in Maintenance/Tool Crib Attendance at Laclede Chain Manufacturing Company, LLC.

8. Plaintiff applied for and was approved to take FMLA leave so he could have a knee replacement surgery performed.

9. On April 5, 2021, Plaintiff underwent the surgery.

10. On May 20, 2021, Plaintiff was evaluated by Orthopedist Dr. Matthew Futvoye at Capitol Ortho in Flowood, Mississippi.

11. On that same date, Plaintiff emailed documentation from Dr. Futvoye to Human Resources Manager Emily Quinlan.

12. The documentation indicated that he (Plaintiff) had been evaluated by Dr. Futvoye that day and that he could return to work on May 24, 2021.

13. The documentation also listed "limited stairs and lifting" as a medical restriction.

14. In the days following May 20, 2021, however, Ms. Quinlan texted Mr. Jones, stating that he could not return to work until he had a physical evaluation, and Mr. Jones could not have the physical evaluation until he had no medical restrictions.

15. Ms. Quinlan explained to Mr. Jones that he was on FMLA leave that would be exhausted on June 23, 2021.

16. She requested that Mr. Jones obtain from Dr. Futvoye an updated note and send it to her.

17. On June 1, 2021, Mr. Jones obtained an updated document from Dr. Futvoye and he emailed it to Ms. Quinlan on that same date, a true and correct copy of which is attached as Exhibit "A."

18. The updated document stated that Mr. Jones was to be released back to work on June 23, 2021.

19. It gave no specific medical restrictions but stated that "Patient must maintain Total Knee Arthroplasty Precautions."

20. On June 7, 2021, Ms. Quinlan emailed Mr. Jones that he was "on an unprotected, unpaid leave right now" and that his "FMLA exhausts on June 23rd."

21. Even though Mr. Jones had forwarded the medical document from Dr. Futvoye to Ms. Quinlan (i.e., the one dated June 1, 2021), and his FMLA leave protected him until June 23, 2021, Ms. Quinlan appeared unaware of both Dr. Futvoye's June 1st letter and Mr. Jones' protected FMLA leave status, as she further wrote in her email, "We need the clarification or an updated doctor's note to extend your return to work from 5/24 by Wednesday, June 9th or your employment will be terminated for job abandonment.

22. Despite the June 1st document from Dr. Futvoye, and in interference of Mr. Jones' FMLA leave protection, on June 9, 2021, Mr. Jones was terminated, allegedly due to job abandonment.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FMLA - INTERFERENCE

23. Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 22.

24. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

25. As a result of Defendant's interference with Plaintiff's rights to take leave pursuant to the FMLA described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

26. The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA. As a result of this conduct, liquidated damages should be assessed against Defendant.

27. Plaintiff also seeks all other relief, at law or in equity, to which he may show himself justly entitled.

### COUNT II: VIOLATION OF THE FMLA - RETALIATION

28. Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 27.

29. It is unlawful for any employer to discharge or discriminate against any individual for opposing any practice made unlawful by the FMLA.

30. As a result of Defendant's retaliatory acts described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

31. The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA and its subsequent retaliation against Plaintiff. As a result of this conduct, liquidated damages should be assessed against Defendant.

32. Plaintiff also seeks all other relief, at law or in equity, to which he may show himself justly entitled.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages;
2. Reinstatement or front pay in lieu of reinstatement;
3. Lost benefits and other pecuniary losses;
4. Liquidated damages;
5. A tax gross-up and all make whole relief;
6. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorney's fees allowed under the FMLA; and
7. Such further relief as is deemed just and proper.

THIS the 22nd day of February 2022.

Respectfully submitted,

SEDRICK JONES, PLAINTIFF

By: /s Louis H. Watson, Jr.
LOUIS H. WATSON, JR.  (MB# 9053)
NICK NORRIS (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com