IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SEDRICK JONES**                                                                  **PLAINTIFF**

**V.**                                               **CAUSE NO. 3:22-CV-94-CWR-FKB**

**LACLEDE CHAIN MANUFACTURING**                  **DEFENDANT**
**COMPANY, LLC**

## ORDER

Before the Court is the defendant's motion to vacate and set aside the entry of default and the default judgment. Docket No. 14. The matter is fully briefed and ready for adjudication. On review, the motion will be denied.

**I.     Factual and Procedural History**

Sedrick Jones commenced this Family and Medical Leave Act suit on February 23, 2022. Docket No. 1. Laclede Chain Manufacturing Company, LLC was served five days later. Docket No. 3. When more than one month elapsed without any response from Laclede, Jones moved for entry of default. Docket No. 5. The Clerk of Court entered default on April 6, 2022. Docket No. 6.

On December 1, 2022, Jones sought a default judgment. Docket No. 7. Four days later, the Court granted the motion and issued a default judgment in the amount of $102,713.26. Docket No. 9. That sum included compensatory damages, attorney's fees, and costs. *Id.*

In March 2023, Jones sought to collect on the judgment via a writ of garnishment. Docket No. 11. A local bank answered the writ in early May 2023. Docket No. 12. Fifteen days later, Laclede filed the present motion. Docket No. 14.

Laclede now admits the following facts: (1) its registered agent was properly served with a summons and complaint ("the documents") on February 28, 2022; (2) the registered agent sent the documents to Laclede via UPS; (3) a Laclede employee received the documents on March 2,

2022; (4) a second Laclede employee emailed the documents to a third Laclede employee on March 7, 2022; (5) the Laclede employees misfiled the documents as a garnishment rather than a new lawsuit; and (6) Laclede never responded to the documents in court. Laclede nevertheless contends that the entry of default and the default judgment should be vacated and set aside because its failures were unintentional, Jones has not been prejudiced, and it has presented a meritorious defense.

**II.    Law**

Federal Rule of Civil Procedure 55 states that a court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b), in turn, provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The central question is whether "good cause" exists to set aside the default judgment. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). The determination of "good cause" hinges on "equitable principles." *Id.* When undertaking this analysis, courts in the Fifth Circuit consider "(1) whether the default was willful; (2) whether setting aside the default judgment would prejudice Plaintiffs; and (3) whether [the defendant] presented a meritorious defense." *In re Chinese Manufactured Drywall Prods. Liabl. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (citation omitted).

2

These factors, however, are not exhaustive. Courts may also consider whether "(1) the public interest was implicated, (2) there was a significant financial loss to the defendant, and (3) the defendant acted expeditiously to correct the default." *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992) (citations omitted). "The burden of showing good cause lies with the party challenging the default entry." *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018) (citation omitted).

These factors are "disjunctive." *Dierschke*, 975 F.2d at 184 (collecting cases). Indeed, they can cut against each other. "On one hand, [the Fifth Circuit has] adopted a policy in favor of resolving cases on their merits and against the use of default judgments. On the other, this policy is counterbalanced by considerations of social goals, justice and expediency, a weighing process that lies largely within the domain of the trial judge's discretion." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quotation marks and citations omitted).

### III. Discussion

After reviewing Laclede's evidence and arguments against the applicable law, the Court declines to disturb the entry of default and the default judgment.

This case presents some similarities to *Dierschke*. There, the movant sought relief from a $103,000 default judgment "by stating that he was involved in a second suit when served and, as a result, he did not understand that he had been served with a summons in this case." *Dierschke*, 975 F.2d at 184. Here too, when Laclede's employees misfiled Jones' suit as a garnishment, they did not understand that they had been served with a new suit. But the difference between our case and *Dierschke* is that here, three people rather than one all somehow arrived at the same wrong understanding. Their actions weigh against relief.

Laclede may press that this reveals collective neglect rather than willful conduct, but that does not save Laclede. "When, as here, a defendant's neglect is at least a partial cause of its failure

3

to respond, the defendant has the burden to convince the court that its neglect was excusable, rather than willful, by a preponderance of the evidence." *Chinese Drywall*, 742 F.3d at 594. That standard was not met in that case, where the defendant "waited nearly a year after it was served with the First Amended Complaint to file a notice of appearance." *Id.* at 595. Again, that has an obvious similarity with our case, since more than 14 months passed between service of process upon Laclede and its entry of appearance in court. This too weighs against relief.

The *Chinese Drywall* court also rejected the defendant's arguments that unfamiliarity with U.S. litigation practice and "not understand[ing] the legal implications of the First Amendment Complaint" excused a failure to answer. *Id.* While the first argument has no resonance in our situation, the second one is fully applicable to Laclede. "If [it] did not fully understand the significance of the First Amended Complaint, it should have sought legal advice," the Fifth Circuit reasoned. *Id.* Laclede did not for more than a year.

Laclede analogizes this case to *McMillian v. 22nd Century Technologies*, in which the district court set aside an entry of default (there was no default judgment yet)[1] because the movant established "a technical or clerical problem in its email notification system." *McMillian v. 22nd Century Techs., Inc.*, No. 3:22-CV-161-KHJ-MTP, 2022 WL 14095657, at *2 (S.D. Miss. Oct. 24, 2022). But Laclede has not shown a notification problem. It admits that three employees received the documents and chose to not act upon them. That is different.

On this record, Laclede has not met its burden to prove that its employees' neglect was excusable. The factor favors denying the motion.

The prejudice element also favors denying the motion. The evidence shows that "the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for

---

[1] "[W]hile courts apply essentially the same standard to motions to set aside a default and a judgment by default, the former is more readily granted than a motion to set aside a default judgment." *Dierschke*, 975 F.2d at 184.

fraud and collusion." *Lacy*, 227 F.3d at 293 (quotation marks and citation omitted). Laclede's declaration admits that its investigation has been "hindered by the fact that many people who worked for the Company in February 2022 are no longer working for the Company." Docket No. 15-1 at 2. For example, 75% of all Laclede employees that handled the summons and complaint are no longer with the company. *Id.* at 3. Most critically for the merits inquiry, the Human Resources Manager that Jones claims received his updated doctor's note is also no longer with Laclede. Docket No. 15 at 6. The result of these departures is prejudice to the plaintiff's case.

Next, the Court considers the meritorious defense element. As to Count I, Laclede argues that "the Company did not know that Plaintiff was intending to take additional FMLA leave." *Id.* The email purporting to show this, however, reflects a dispute as to how long Jones' FMLA leave could continue, not whether he had requested FMLA leave. *See* Docket No. 15-1 at 6. The issue is a factual one that cannot be resolved on the papers. Laclede presents stronger defenses on Count II: that Jones' factual allegations do not actually reflect retaliation, and that it has a legitimate non-discriminatory reason for his termination. Although this element is mixed, the Court therefore credits it in Laclede's favor.

Lastly, Laclede asserts that the public interest favors trial on the merits, the default judgment is large and burdensome, and it acted quickly to investigate the default. These are a mixed bag. The preference for trial on the merits is true enough, but as discussed above must be "counterbalanced by considerations of social goals, justice and expediency." *Wooten*, 788 F.3d at 496 (quotation marks and citation omitted). The claim of financial hardship, meanwhile, cannot be credited to Laclede because it is completely unsupported by any evidence. Yet the Court does weigh in Laclede's favor the 15-day lag between the local bank's answer to the garnishment and

Laclede's filing of the present motion. *But see Wooten*, 788 F.3d at 501 (upholding default judgment despite the movant's "late-breaking diligence").

The Court has considered the evidence in light of the applicable law. The relevant elements fall on both sides; some favor Jones and others favor Laclede. On balance, though, the Court is unpersuaded that Laclede has established good cause to set aside the entry of default or the default judgment. That so many employees saw the summons and complaint yet disregarded them suggests a systemic failure to respond rather than a mere clerical error, an awfully long time elapsed between service of process and Laclede's first appearance, and during that period Jones' case has been prejudiced. The case is ultimately one where "minimal internal procedural safeguards could and should have been established which would have prevented this loss." *Baez v. S. S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975).

### IV.     Conclusion

For these reasons, the motion is denied.

**SO ORDERED**, this the 11th day of July, 2023.

                                         s/ Carlton W. Reeves
                                         UNITED STATES DISTRICT JUDGE